[Cite as *In re S.S.*, 2019-Ohio-2857.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                              |   |                                  |
|------------------------------|---|----------------------------------|
| IN THE MATTER OF S.S.,       | : | JUDGES:                          |
|                              | : | Hon. William B. Hoffman, P.J.    |
|                              | : | Hon. Craig R. Baldwin, J.        |
|                              | : | Hon. Earle E. Wise, J.           |
|                              | : |                                  |
|                              | : |                                  |
|                              | : | Case No. 18-CA-00020             |
|                              | : |                                  |
|                              | : | O P I N I O N                    |

CHARACTER OF PROCEEDING: Appeal from the Perry County Court
of Common Pleas, Juvenile Divison,
Case No. 2018C179

JUDGMENT: Dismissed

DATE OF JUDGMENT: July 12, 2019

APPEARANCES:

For Plaintiff-Appellee

EMILY STRANG TARBERT
401 Market Street, Room 209
Zanesville, Ohio 43701

For Defendants-Appellants

TINA KINGSOLVER, pro se
STEVE KINGSOLVER, pro se
11244 Ridenour Rd
Thornville, Ohio 43076

*Baldwin, J.*

**{¶1}** Appellants assign as error the decisions of the Perry County Juvenile Court regarding appointment of a guardian ad litem, prohibiting their attendance at an ex parte hearing, placing the children in shelter care and prohibiting contact between the appellants and the children. Appellee is the Perry County Children Services.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Appellants' statement of facts is difficult to interpret and a statement of the case is not provided. While we recognize that Appellants are acting pro se, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that they remain subject to the same rules and procedures to which represented litigants are bound. *Carskadon v. Avakian*, 5th Dist. No. 11 CAG020018, 2011–Ohio–4423, ¶ 33 quoting *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). They are not given greater rights than represented parties, and must bear the consequences of their mistakes. *Id.* We also note that Appellants have not provided a transcript of the hearings before the trial court or a statement of the evidence pursuant to

App.R. 9(c). Although we make some allowances for pro se litigants, we cannot change the fundamental requirement that Appellant, as the party asserting that there was an error in the trial court, bears the burden in the court of appeals to demonstrate error by reference to matters made a part of the record. *Knapp v. Edward Laboratories* (1980), 61 Ohio St.2d 197, 199.

{¶3} Appellee also chose not to provide a statement of the case or facts, choosing to aver that Appellants' brief is so insubstantial and noncompliant that it should be disregarded. Appellee does conclude by requesting that we remand this case for a hearing on Appellants' pending motion to withdraw their pleas of admission to the allegations of dependency. The lack of a transcript or any agreement regarding the facts of this case would normally prevent a review of the assignments of error, but we find that the documents within the record allow us to come to a legal conclusion.

{¶4} On July 25, 2018, Appellee filed an action in the trial court seeking temporary custody. An ex parte order was issued on July 25, 2018 and later on that same date, a shelter care hearing was conducted with appellant Tina Kingsolver in attendance. She denied the allegations of dependency and the adjudication of the

complaint was scheduled for August 29, 2018. Appellants filed a motion requesting appointment of counsel and the motion was granted on August 1, 2018.

{¶5} Counsel for appellant Tina Kingsolver filed a motion requesting the appointment of guardian ad litem. On September 5, 2018 the trial court addressed this motion and stated "the parties agreed to an in-camera interview, shall occur by Judge Cooperrider.(sic) The in-camera interview shall occur on October 3rd,(sic) 2018 at 11:30 AM."

{¶6} On October 3, 2018 the adjudicatory hearing occurred with counsel and appellants in attendance. The trial court found the juvenile dependent and scheduled a dispositional hearing for December 19, 2018 at 10:00 AM. On October 26, 2018 Appellants submitted a written document to the court requesting that they be permitted to withdraw their plea admitting the dependency of the children. On November 2, 2018 appellants filed their notice of appeal of the judgment entry of October 3, 2018. On November 6, 2018 counsel for appellant Tina Kingsolver filed a motion for leave to withdraw as counsel and said motion was granted the same day.

{¶7} On November 28, 2018 the trial court issued an order that stated as follows:

This matter will come before the court on December 19, 2018 at 10:00 a.m. for an Adjudicatory Hearing.

The court hereby accepts the parties(sic) letter requesting their admission in open court with counsel present, be accepted.[1] The appeal filed by the Tina Kingsolver and Stephen Kingsolver was DISMISSED effective November 26, 2018.

{¶8} Attached to this order are documents purportedly from the United States District Court, Southern District of Ohio, Eastern Division dismissing six actions and remanding the cases to the Perry County Court of Common Pleas, Juvenile Division because the Federal District Court had no jurisdiction. These documents were purportedly filed with the Perry County Common Pleas Court, Juvenile Division on November 26, 2018 and are apparently the documents referenced by the trial court in its order of November 28, 2018 as the appeal that was dismissed. The appeal before this court had not yet been addressed and was still pending on November 28, 2018.

---

[1] The record submitted to this court does not contain a letter from the parties "requesting their admission in open court with counsel present, be accepted." Either this letter contains a typographical error or the letter was not made part of the record.

{¶9} On December 12, 2018 the trial court entered an order which stated as follows:

> The court hereby, cancels the Adjudicatory Hearing scheduled for December 19, 2018 at 10:00 a.m. The court was advised the parents Tina and Stephen Kingsolver desired to withdraw their admission. The court had converted the dispositional hearing to an adjudicatory hearing to benefit the parents. However the parties now wish to continue with their appeal. The court will therefore, wait for the decision of the Fifth District Court of Appeals.
>
> The adjudicatory hearing on December 19, 2018 at 10:00 a.m., is therefore, CANCELLED.

{¶10} With the exception of the filing of a case plan and a semi-annual review, no further proceedings took place in the trial court on this matter.

{¶11} Before considering merits of Appellants' arguments, it is incumbent that we consider our jurisdiction to hear this appeal. The existence of a final appealable order is a jurisdictional question that an appellate court can raise sua sponte. *McHenry v.*

*McHenry*, 5th Dist. Stark No. 2014 CA 00146, 2015–Ohio–2479, ¶ 23, quoting *Savage v.*

*Cody–Ziegler*, Inc., 4th Dist. Athens No. 06CA5, 2006–Ohio–2760, 2006 WL 1514273, ¶

31. As a general rule, a judgment that leaves issues unresolved and contemplates that

further action must be taken is not a final appealable order. See *Moscarello v. Moscarello*,

5th Dist. Stark No. 2014CA00181, 2015–Ohio–654, ¶ 11, quoting *Rice v. Lewis*, 4th Dist.

Scioto No. 11CA3451, 2012–Ohio–2588, ¶ 14 (additional citations omitted) *Abdalla v.*

*Wilson*, 5th Dist. Licking No. 17 CA 0056, 2018-Ohio-500, ¶ 13.

{¶12} While we cannot divine what evidence was provided to the trial court based

upon the documents within the court files, it is clear that the trial court did not conduct a

dispositional hearing on the allegations in the complaint. While a dispositional hearing

was scheduled, the trial court notes that it was converted to an adjudicatory hearing for

the benefit of the Appellants, presumably to allow them to explain their request to

withdraw their plea of admission to the allegations of dependency. However, neither that

hearing nor any dispositional hearing occurred as the trial court chose to delay any further

action pending the resolution of this appeal.

**{¶13}** "It is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order." *In re Sekulich*, 65 Ohio St.2d 13, 14, 417 N.E.2d 1014 (1981), quoting *In re Whittington,* 17 Ohio App.2d 164, 245 N.E.2d 364 (5th Dist.1969), paragraph one of the syllabus. Courts have repeatedly held that a journal entry that leaves an issue unresolved or contemplates further action, does not constitute a final, appealable order. See, e.g., *In re J.A.,* 4th Dist. No. 11CA27, 2012–Ohio–2184 (journal entries that order restitution but do not specify the amount or method of payment are not final and appealable). *In re S.M.B.*, 8th Dist. Cuyahoga No. 99035, 2013-Ohio-1801, ¶ 5. Only when an adjudication by a juvenile court that a child is 'neglected' or 'dependent' as defined by R.C. Chapter 2151 followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) is there a final order within the meaning of R.C. 2505.02 that is appealable to the court of appeals pursuant to R.C. 2501.02. *In re H.F.,* 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 8 (2008) quoting *In re Murray* (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169. A finding of dependency without disposition, which is

what has occurred in the case at bar, is not a final order. *In re Murray*, 52 Ohio St.3d 155,

156, 556 N.E.2d 1169, 1170 (1990), fn. 1.

**{¶14}** We find that the matters described in the Appellant's brief, if accepted as

accurate, occurred within or prior to the adjudicatory hearing.  No dispositional hearing

has occurred and, therefore no final, appealable order exists.  For that reason the appeal

of the decisions and rulings of the Perry County Court of Common Pleas is dismissed and

this matter is remanded to the trial court for consideration of Appellants' request to

withdraw their admission of the allegation of dependency and further proceedings

consistent with this opinion.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.