[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re K.M.*, Slip Opinion No. 2020-Ohio-995.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-995

IN RE K.M. ET AL.

IN RE D.T.

IN RE M.T.

IN RE R.T.

IN RE J.T.

IN RE S.K.

IN RE T.K.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re K.M.*, Slip Opinion No. 2020-Ohio-995.]

*Juvenile procedure—R.C. 2151.35(B)(1) mandates the dismissal of a case without prejudice if a juvenile court fails to conduct a dispositional hearing within 90 days of the filing of a complaint alleging that a child is abused, neglected, or dependent.*

(Nos. 2018-1331, 2018-1375, 2018-1376, 2018-1377, 2018-1379, 2018-1380, and 2018-1381—Submitted December 11, 2019—Decided March 19, 2020.)

APPEALS from the Court of Appeals for Richland County, Nos. 18CA07 and 18CA08, 2018-Ohio-3144; 18-CA-33, 2018-Ohio-3252; 18-CA-32, 2018-Ohio-3251; 18-CA-34, 2018-Ohio-3330; 18-CA-35, 2018-Ohio-3331; 18-CA-36, 2018-Ohio-3332; and 18-CA-37, 2018-Ohio-3333.

_____

**FRENCH, J.**

{¶ 1} These discretionary appeals ask whether R.C. 2151.35(B)(1) mandates the dismissal of a case if a juvenile court fails to conduct a dispositional hearing within 90 days of the filing of a complaint alleging that a child is abused, neglected or dependent. We answer that question in the affirmative, reverse the judgments of the Fifth District Court of Appeals, and remand these cases to the juvenile court to enter orders of dismissal without prejudice.

**STATUTORY BACKGROUND**

{¶ 2} The General Assembly has conferred authority on the juvenile courts to hear complaints alleging that a child is abused, neglected or dependent. R.C. 2151.23(A)(1). A juvenile court must conduct an adjudicatory hearing no later than 30 days after a complaint is filed unless the time is extended "for good cause shown" up to a maximum of 60 days. R.C. 2151.28(A)(2); Juv.R. 29(A). If the juvenile court finds clear and convincing evidence that the child is abused, neglected or dependent, R.C. 2151.35(A) requires it to then hold a dispositional hearing to determine the child's placement in protective supervision or temporary custody, to decide any motions for legal custody or permanent custody or to exercise any of the other options in R.C. 2151.353(A). The court may hold the dispositional hearing immediately after the adjudicatory hearing or it may conduct a separate hearing no more than 30 days after the adjudicatory hearing; this time limit may be extended "to enable a party to obtain or consult counsel." R.C. 2151.35(B)(1).

{¶ 3} R.C. 2151.35(B)(1) also states that "[t]he dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed." If the dispositional hearing is not held within 90 days of the filing of the complaint, "the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." R.C. 2151.35(B)(1).

## FACTS AND PROCEDURAL BACKGROUND
### The first appeal: *In re K.M. et al.*

{¶ 4} The first appeal before us involves two minor children, both identified by the initials K.M. Appellant, R.H., is the mother of both children. On April 19, 2017, appellee, Richland County Children Services Board ("children services"), filed two separate complaints alleging that both children were abused, dependent, and/or neglected.

{¶ 5} On June 30, 2017, a juvenile-court magistrate conducted an adjudicatory hearing addressing the allegations of the complaints. At the conclusion of the hearing, the magistrate found clear and convincing evidence that both children were dependent, as defined in R.C. 2151.04(C).

{¶ 6} After making the findings of dependency, the magistrate asked the parties if they wished to hold the dispositional hearing on a later date. R.H.'s attorney answered in the negative and noted on the record that R.H. was ready to proceed at that time with the dispositional hearing in order to avoid delay. Nevertheless, the magistrate continued the matter in order to gather more information. On July 14, 2017, the court journalized entries setting the dispositional hearing for August 4, 2017—the 107th day after the filing of the complaints.

{¶ 7} At the start of the August 4 dispositional hearing, R.H.'s attorney made an oral motion to dismiss based on the court's failure to conduct a dispositional hearing within 90 days after the filing of the complaints. The

magistrate denied the motion. At the conclusion of the hearing, the magistrate granted temporary custody of both children to their paternal grandmother. The juvenile court overruled R.H.'s timely objections and adopted the magistrate's adjudication and dispositional decisions.

{¶ 8} The Fifth District Court of Appeals affirmed the judgments of the juvenile court. The court of appeals concluded that R.H.'s motion to dismiss on the day of the dispositional hearing failed to comply with Juv.R. 22(E), which requires all prehearing motions, with certain exceptions not applicable here, to be filed by the later of (1) seven days prior to the hearing or (2) ten days after the appearance of counsel. The court of appeals also noted that the magistrate had delayed proceedings in order to gather more information and to give R.H. an opportunity to cooperate with children services before deciding the disposition of the children.

### The second appeal: *In re D.T. et al.*

{¶ 9} The second appeal before us involves appellant, B.S., and cases involving her six minor children: D.T., M.T., R.T., J.T., S.K., and T.K.

{¶ 10} In January 2017, D.T.'s school notified children services that D.T. came to school with black eyes, bruising on his face, and red striations on his neck. D.T. was transported to a hospital by ambulance and the other five children were later brought to the hospital as well. That same day, the police arrested B.S.'s then-boyfriend for the suspected physical abuse of D.T. Pending further investigation, B.S. agreed to the temporary placement of some of the children with relatives and the others with a friend.

{¶ 11} On May 5, 2017, children services filed six separate complaints alleging the children to be abused and/or dependent. About one week later, B.S. gathered all six children and took them to Kentucky. On May 18, the juvenile court issued ex parte orders placing the children in children services' temporary custody.

4

On May 20, caseworkers with children services drove from Ohio to Kentucky. B.S. voluntarily surrendered the children, and they were returned to Ohio.

{¶ 12} The juvenile-court magistrate began the adjudicatory hearing covering all six cases on July 21, 2017, and held additional sessions of the adjudicatory hearing on August 31 and October 12, 2017. On August 29 and October 5, B.S. filed motions to dismiss arguing that R.C. 2151.35(B)(1) required dismissal because the court had failed to hold its dispositional hearing within 90 days of the filing of the complaints, i.e., by August 3, 2017. The magistrate denied the motions.

{¶ 13} At the conclusion of the adjudicatory hearing on October 12, the magistrate found all six children dependent and D.T. and M.T. abused. Rather than going forward to have the dispositions determined that same day, B.S.'s attorney requested that the dispositional hearing be set for another day to give B.S. an opportunity to present witnesses.

{¶ 14} Before the cases proceeded to the dispositional-hearing stage, B.S. timely filed objections to the magistrate's adjudication decisions and the denials of her motions to dismiss. The court overruled these objections on March 16, 2018. After beginning the dispositional hearing in November 2017 and holding additional sessions of that hearing in January and March 2018, the magistrate granted temporary custody of D.T., M.T., R.T., and J.T. to children services and granted temporary custody of S.K. and T.K. to their paternal grandmother under the protective supervision of children services. The court entered its final dispositions adopting the magistrate's decisions on April 9, 2018—339 days after the filing of the complaints.

{¶ 15} B.S. appealed the juvenile court's March 16, 2018 findings of abuse and dependency and the denials of her motions to dismiss. The Fifth District affirmed the judgments of the juvenile court in all six cases. In those opinions, the Fifth District expressly declined to follow its own precedent and concluded that the

90-day dispositional deadline in R.C. 2151.35(B)(1) is directory and is not a mandatory or jurisdictional rule requiring dismissal. The court also determined that the circumstances of the cases did not warrant dismissal, specifically concluding that no delay caused prejudice to B.S. and noting that B.S. had asked the magistrate to schedule the dispositional hearing for a future date rather than proceeding to decide the dispositions at the conclusion of the adjudicatory hearing.

### Issue presented

{¶ 16} Both mothers, represented by the same counsel, sought this court's discretionary review. We accepted R.H.'s appeal in *In re K.M. See* 154 Ohio St.3d 1442, 2018-Ohio-4962, 113 N.E.3d 551. We accepted B.S.'s appeal in *In re D.T.* on one of her propositions of law, we also accepted her appeals in the other five cases involving her children on one proposition of law, and we consolidated those six cases into one appeal. *See* 154 Ohio St.3d 1443, 2018-Ohio-4962, 113 N.E.3d 551-552. Both appeals present the same proposition of law:

> Ohio law mandates that a juvenile court dismiss a neglect, abuse, or dependency case on the motion of any party if the court does not complete disposition within ninety days of the date of filing of the complaint.

### ANALYSIS

{¶ 17} Ohio's juvenile courts are statutory entities, and they are able to exercise only those powers that the General Assembly confers on them. R.C. Chapter 2151; *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239, ¶ 14. The General Assembly has conferred authority on the juvenile courts to hear complaints alleging that a child is abused, neglected or dependent. R.C. 2151.23(A)(1). After a juvenile court adjudicates a child as abused, neglected or dependent, the court must conduct a dispositional hearing in accordance with R.C.

2151.35(B). These appeals focus on the following sentences in R.C. 2151.35(B)(1):

> The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed.
>
> If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice.

Juv.R. 34(A) contains essentially the same language.

{¶ 18} R.H. and B.S. argue that R.C. 2151.35(B)(1) imposes a mandatory deadline and requires a juvenile court to dismiss a neglect, abuse or dependency case if it does not hold the dispositional hearing within 90 days of the filing of the complaint. Children services urges us to adopt the Fifth District's interpretation that the 90-day deadline is directory, not mandatory. We agree with R.H. and B.S. and conclude that the plain language of R.C. 2151.35(B)(1) mandates dismissal of a complaint without prejudice when the juvenile court fails to meet the 90-day dispositional deadline.

{¶ 19} We generally construe a statute containing the word "shall" as mandatory. *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus. But that axiom does not resolve the dispute here. In certain circumstances, even if the statute contains the word "shall," we have construed a statutory time limit as directory. *In re Davis*, 84 Ohio St.3d 520, 522, 705 N.E.2d 1219 (1999). " '[A] statute which provides a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for

convenience or orderly procedure.' " *Id.*, quoting *State ex rel. Jones v. Farrar*, 146 Ohio St. 467, 472, 66 N.E.2d 531 (1946).

{¶ 20} We consider a statutory deadline to be mandatory, however, when " 'the nature of the act to be performed or the phraseology of the statute * * * is such that the designation of time must be considered a limitation upon the power of the officer.' " *Davis* at 522, quoting *State ex rel. Smith v. Barnell*, 109 Ohio St. 246, 255, 142 N.E. 611 (1924).

{¶ 21} We fleshed out the difference between a mandatory and directory statutory deadline in *Davis*. In that case, we interpreted R.C. 2151.35(B)(3), which states that after the conclusion of a juvenile court's dispositional hearing, "the court shall enter an appropriate judgment within seven days." We held that a juvenile court's failure to comply with the seven-day deadline in R.C. 2151.35(B)(3) does not deprive the court of its authority to determine permanent custody. Notwithstanding the statute's use of the word "shall," we concluded that R.C. 2151.35(B)(3) "does not include any expression of intent to restrict the jurisdiction of the court for untimeliness." *Davis* at 522.

{¶ 22} The lack of any statutory language terminating a juvenile court's authority also formed the basis of our holding in *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239. We examined the statute governing venue for dependency complaints and concluded that the absence of any statutory language requiring dismissal of a complaint if it is filed in the wrong county "indicates that venue is not a jurisdictional requirement." *Id.* at ¶ 23.

{¶ 23} With these principles in mind, we return to R.C. 2151.35(B)(1). Unlike the statutes we examined in *Davis* and *In re Z.R.*, R.C. 2151.35(B)(1) *does* contain an express limitation on a juvenile court's authority for failure to comply with a statutory deadline. If the juvenile court fails to conduct a dispositional hearing within 90 days of the filing of the complaint, it "shall dismiss the complaint without prejudice," either upon a motion filed by one of the parties or the guardian

8

ad litem or upon the court's "own motion." By requiring dismissal after the expiration of 90 days, the General Assembly leaves no doubt that it intended to impose a mandatory deadline.

{¶ 24} If the General Assembly had intended for a juvenile court to proceed with dispositional determinations beyond the 90-day time limit in R.C. 2151.35(B)(1), it could have added language to that effect. In fact, in other instances, the legislature has expressly provided that a juvenile court can act beyond a designated time limit. For example, R.C. 2151.28 requires the court to conduct an adjudicatory hearing no later than 30 days after the filing of a complaint alleging neglect, abuse or dependency, "*except that, for good cause shown*" (emphasis added), R.C. 2151.28(A)(2), the court may continue the adjudicatory hearing for ten days to allow a party to obtain counsel, R.C. 2151.28(A)(2)(a), or for up to a total of 60 days after the complaint is filed to complete service or to obtain any necessary evaluation, R.C. 2151.28(A)(2)(b). But the General Assembly has also specified that the court's failure to hold an adjudicatory hearing within those time periods "does not affect the ability of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court." R.C. 2151.28(K).

{¶ 25} Similarly, a juvenile court's failure to conduct a permanent-custody hearing within 120 days of an agency's motion "does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court." R.C. 2151.414(A)(2). In the absence of any such language here that allows the court to act beyond the 90-day time limit, we must apply the express mandate in R.C. 2151.35(B)(1) requiring dismissal of the complaints.

{¶ 26} To avoid this result, the Fifth District concluded that both mothers implicitly waived their right to a 90-day disposition. In *In re K.M.*, the court of appeals suggested that R.H.'s failure to cooperate with children services'

investigation required a delay in the proceedings for the juvenile court to obtain more information. In *In re D.T.* and the other five related cases, after the magistrate denied B.S.'s motions to dismiss, B.S. requested that the magistrate set the dispositional hearing for a future date, and the court of appeals construed that request as a waiver. The statutory language is explicit, however, in requiring dismissal after the expiration of the 90-day period. In the face of such language, there can be no implicit waiver of the 90-day limit.

{¶ 27} Next, we address the Fifth District's conclusion in *In re K.M.* that the untimeliness of R.H.'s motion to dismiss, asserted on the day of the dispositional hearing, warranted denial of the motion. The court invoked Juv.R. 22(E), which requires all prehearing motions to be filed by the later of (1) seven days prior to the hearing or (2) ten days after the appearance of counsel. But the Rules of Juvenile Procedure cannot be construed in a way that extends or limits the statutory authority of the juvenile court. *Linger v. Weiss*, 57 Ohio St.2d 97, 100, 386 N.E.2d 1354 (1979); Juv.R. 44. The procedural requirements in Juv.R. 22(E) cannot supersede the statutory mandate in R.C. 2151.35(B)(1) requiring dismissal of the complaint.

{¶ 28} Finally, the court of appeals in its opinions and children services in its briefs point to the adverse consequences that would result from construing the 90-day deadline in R.C. 2151.35(B)(1) as mandatory. The Fifth District opined that the dismissal of cases before their final disposition would require either that children be returned to a potentially risky home situation or that a new complaint be filed to begin the process all over again.

{¶ 29} We acknowledge these valid concerns. But the dismissal rule here reflects the General Assembly's weighing of a countervailing interest—the fundamental right of a parent to raise one's own children. It is not uncommon that children and parents are left in legal limbo for months and even years while waiting for juvenile courts to process their cases. *Davis* at 528 (Moyer, C.J., dissenting).

In *In re K.M.*, the magistrate did not hold a dispositional hearing until 107 days after the filing of the complaints even though R.H.'s attorney expressly stated at the end of the adjudicatory hearing that R.H. was ready to proceed directly to the dispositional hearing to avoid delay. In *In re D.T.* and the cases involving his siblings, the juvenile-court magistrate did not begin to conduct the dispositional hearing until 187 days after the filing of the complaints, and the court did not enter the final dispositions until 339 days after the filing of the complaints.

{¶ 30} To alleviate such delays, the General Assembly crafted a solution that balances the rights of parents with the interests of protecting children—it provided for dismissal of a complaint *without prejudice*, which allows an agency to refile a new complaint that very same day and marshal its evidence if it still has concerns about a child's welfare. We acknowledge the burden that a mandatory 90-day deadline in R.C. 2151.35(B)(1) may impose on the already-strained dockets of the juvenile courts. But regardless of the policy concerns raised by dismissal of the complaint, our duty is to apply the statute as written.

## CONCLUSION

{¶ 31} We hold that R.C. 2151.35(B)(1) imposes a mandatory deadline requiring a juvenile court to dismiss a case without prejudice if the court fails to conduct a dispositional hearing within 90 days of the filing of a complaint alleging that a child is abused, neglected or dependent. And our holding applies with equal force to Juv.R. 34(A), which contains language essentially identical to that in R.C. 2151.35(B)(1).

{¶ 32} We therefore reverse the judgments of the Fifth District Court of Appeals and remand these cases to the juvenile court to enter orders of dismissal without prejudice.

Judgments reversed
and causes remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Darin Avery, for appellants.

Edith A. Gilliland, for appellee.

_____