[Cite as *In re Z.S.*, 2021-Ohio-118.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTERS OF: Z.S., C.S., and E.S. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 20-CA-00002, 20-CA-00003, |
| | : | and 20-CA-00004 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Perry County Court
of Common Pleas, Juvenile Division,
Case Nos. 2018-C-175, 2018-C-176,
and 2018-C-177

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT:    January 19, 2021

APPEARANCES:

For Plaintiff-Appellee                          For Defendants-Appellants

JESSICA MONGOLD                         STEVEN KINGSOLVER &
Perry County Children Services        TINA KINGSOLVER, pro se
Post Office Box 502                          11244 Ridenour Road
Lancaster, Ohio 43130                       Thornville, Ohio 43076

*Baldwin, J.*

**{¶1}** Steven Kingsolver and Tina Kingsolver appeal the decision of the Perry County Common Pleas Court, Juvenile Division granting legal custody of C.S., Z.S. and E.S to Sharon Walker and Mark Howland.  Appellee is Perry County Children's Services.

**{¶2}** Appellants' statement of the facts and statement of the case are both difficult to understand, lack reference to the record and include comments that are more editorial than expository. While we recognize that appellants are acting pro se, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that they remain subject to the same rules and procedures to which represented litigants are bound. *Carskadon v. Avakian*, 5th Dist. No. 11 CAG020018, 2011–Ohio–4423, ¶ 33 quoting *Kilroy v. B.H.Lakeshore Co.,* 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). They are not given greater rights than represented parties, and must bear the consequences of their mistakes. *Id.*

**{¶3}** Appellants have not provided a transcript of the hearings before the trial court or a statement of the evidence under App.R.9(C). Although we make some allowances for pro se litigants, we cannot change the fundamental requirement that appellants, as parties asserting that there was an error in the trial court, bear the burden in the court of appeals to demonstrate error by reference to matters made a part of the record. *Knapp v. Edward Laboratories* (1980), 61 Ohio St.2d 197, 199. Appellants' failure to comply with the rules is particularly concerning because this is their second appearance before this court on this matter and the same warning was included in our prior decision. *In the Matter of: Z.S.,* Perry County No. 18-CA-00018, 2019-Ohio-2859.

**{¶4}**   Appellants' brief also lacks a clear discrimination between what occurred prior to the last appeal and what occurred after our remand in *In the Matter of: Z.S., supra* on July 12, 2019.   Without a transcript or a statement of evidence, it is impossible to determine what occurred after our remand and at the hearing on the motion for legal custody on January 20, 2020. The lack of a transcript or any agreement regarding the record would normally prevent a review of the assignments of error, but we find that the documents within the record allow us to come to a legal conclusion regarding one critical issue, the violation of the time limit described in R.C. 2151.35(B)(1).

## STATEMENT OF THE CASE

**{¶5}**   On July 25, 2018, Appellee filed a complaint in the trial court seeking temporary custody of five children, including C.S., Z.S. and E.S.  An ex parte order was issued on July 25, 2018 and later, on that same date, a shelter care hearing was conducted with Tina Kingsolver in attendance. She denied the allegations of dependency and she and Steven Kingsolver filed a motion requesting appointment of counsel. That motion was granted on August 1, 2018 and the adjudication of the complaint was scheduled for August 29, 2018.

**{¶6}**   On August 23, 2018, Tina Kingsolver filed a motion requesting the appointment of guardian ad litem. On September 5, 2018 the trial court addressed this motion and stated "[t]he parties agree to an in-camera interview, shall occur by Judge Cooperrider.(sic) The in-camera interview shall occur on October 3rd,(sic) 2018 at 11:30 a.m."

{¶7}    Appellee filed a motion to convert the August 29, 2018 adjudicatory hearing to a pretrial conference and that motion was granted on August 28, 2018.  An order issued on the date of the pretrial scheduled the adjudication for October 3, 2018.

{¶8}    On October 3, 2018 appellants appeared before the court, with counsel, for the adjudicatory hearing on the complaint.  The trial court entered an order finding the children dependent and scheduling the dispositional hearing for December 19, 2018. Because we have no transcript of the hearing or statement of evidence, we must conclude that the hearing was conducted in accordance with applicable law. *Knapp, supra.*

{¶9}    On October 26, 2018 the Kingsolvers submitted a written document to the court requesting that they be permitted to withdraw their plea admitting the dependency of the children. On November 2, 2018 the Kingsolvers filed a notice of appeal of the judgment entry of October 3, 2018 finding the children dependent. On November 6, 2018 counsel for appellant, Tina Kingsolver, filed a motion for leave to withdraw as counsel and that motion was granted the same day.

{¶10}  On November 28, 2018 the trial court issued an order that stated as follows:

This matter will come before the court on December 19, 2018 at 10:00 a.m. for an Adjudicatory Hearing.

The court hereby accepts the parties(sic) letter requesting their admission in open court with counsel present, be accepted.[1] The appeal filed by the Tina Kingsolver and Stephen Kingsolver was DISMISSED effective November 26, 2018.

---

[1] The record does not contain a "letter requesting their admission * * * be accepted."

**{¶11}** Filed on the same date as this order were documents from the United States District Court, Southern District of Ohio, Eastern Division dismissing six actions filed by the Kingsolvers and remanding the cases to the Perry County Court of Common Pleas, Juvenile Division because the Federal District Court had no jurisdiction. These documents presumably comprise the dismissed appeal referenced by the trial court, because the appeal before this court was still pending on November 28, 2018.

**{¶12}** On December 12, 2018 the trial court entered the following order:

The court hereby,(sic) cancels the Adjudicatory Hearing scheduled for December 19, 2018 at 10:00 a.m. The court was advised the parents Tina and Stephen Kingsolver desired to withdraw their admission. The court had converted the dispositional hearing to an adjudicatory hearing to benefit the parents. However the parties now wish to continue with their appeal. The court will therefore, wait for the decision of the Fifth District Court of Appeals.

The adjudicatory hearing on December 19, 2018 at 10:00 a.m., is therefore, CANCELLED.

**{¶13}** Except for the filing of a case plan and a semi-annual review, no further proceedings took place in the trial court until after the journalization of our decision in *In the Matter of: Z.S., supra* .

**{¶14}** This court issued its decision in *In the Matter of: Z.S., supra* on July 12, 2019 dismissing the appeal for lack of a final appealable order based upon the lack of a

dispositional order. We remanded the case to the "trial court for consideration of Appellants' request to withdraw their admission of the allegation of dependency and further proceedings consistent with this opinion." *Id.* at ¶ 14.

{¶15} On July 30, 2019 the trial court issued an order scheduling a pretrial for August 28, 2019 and, pursuant to the request of Appellee, an annual review was scheduled for the same day. The hearing occurred as evidenced by an order issued by the trial court.  The order is a preprinted form with a number of alternatives listed and spaces before each to indicate which alternative has been selected to include in the judgment.  The following terms in the order of August 28, 2019 were preceded by an "x":

X  There being no objection, the court proceeded with Disposition.

X   The Court asked caseworker from PCCS for recommendation from Agency.

X  It is ordered that *** Temporary Custody of the child *** should continue with PCCS until further order of the Court.

X   Visitation to cont'd as arranged by PCCS

X  All parties Ordered to comply with PCCS and Case Plan

X  (Reviewed)/Finalized Child's Permanency Plan: Temp Custody to cont'd w/ PCCS

X  This is a Final Appealable ORDER

X  Other: Best interests and reasonable efforts taken by agency, but Court finds it in child's best interests that Temporary Custody to cont'd with PCCS until further order of the Court.

**{¶16}** On October 30, 2019 Appellee filed a motion asking the court to place the children in the legal custody of Sharon Walker and Mark Howland and to close the case. The court conducted a hearing on the matter on January 22, 2020 and issued a decision granting the motion on January 28, 2020.

**{¶17}** Appellant, Steven Kingsolver filed a timely notice of appeal.

**{¶18}** Kingsolver has included several assignments of error that are difficult, if not impossible to interpret. We recognize that Kingsolver is acting pro se and that he may have been challenged by the complexities of the law. However, as we noted above, the Supreme Court of Ohio has "repeatedly declared that "pro se litigants * * * must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. " 'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio St.3d 651, 654, 763 N.E.2d 1238.

## ANALYSIS

**{¶19}** One assignment we can confidently distill from Kingsolver's brief is the contention that the trial court failed to conduct a dispositional hearing within ninety days of the filing of the complaint as required by R.C. 2151.35(B)(1). That section mandates that "[t]he dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed." * * * "If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the

motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice."   Rule 34 of the Juvenile Rules of Procedure contains an identical instruction.

{¶20} The Supreme Court of Ohio considered "whether R.C. 2151.35(B)(1) requires the dismissal of a case if a juvenile court fails to conduct a dispositional hearing within 90 days of the filing of a complaint alleging that a child is abused, neglected or dependent" in *In re K.M.,* 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245. The Court held that "R.C. 2151.35(B)(1) *does* contain an express limitation on a juvenile court's authority for failure to comply with a statutory deadline" and dismissal after expiration of the time limit was mandatory. (Emphasis added.) *In re K.M.*, *supra* at ¶ 23. The court added that the language of the statute makes clear the intent of the legislature to impose a mandatory deadline, that the statute does not permit implied waiver of the deadline and the procedural requirements of the Juvenile Rules cannot supersede the statutory mandate requiring dismissal of the complaint. *Id.* at ¶¶ 26,27.  The cases in *In re K.M.* were remanded to the juvenile court to enter orders of dismissal without prejudice. *Id.* at ¶ 32.

{¶21} In the matter before us, a complaint was filed on July 25, 2018 creating a deadline for disposition of October 23, 2018.  The trial court scheduled the dispositional hearing for December 19, 2018, long after the expiration of the ninety day deadline, and did complete not conduct a dispositional hearing until August 28, 2019.  The fact that appellants filed a motion to withdraw their admission to the adjudicatory phase of the proceeding does not serve to extend the ninety day time limit as the language of the statute and the rule as well the Supreme Court's holding in *In re K.M.* provide no flexibility.

The deadline is a mandatory requirement that may not be disregarded. Further, the filing of the appeal did not impact the expiration of time as the notice of appeal was filed November 2, 2018, after the deadline for conducting the dispositional hearing.

**{¶22}** The Supreme Court of Ohio also explained that a mandatory deadline "must be considered a limitation upon the power of the officer.' *Davis* at 522, 705 N.E.2d 1219, quoting *State ex rel. Smith v. Barnell*, 109 Ohio St. 246, 255, 142 N.E. 611 (1924)." *In re K.M. supra* at ¶ 20. Consequently, after the expiration of the ninety day deadline on October 23, 2018, the trial court had no authority to issue further orders except to journalize the dismissal of the case.

**{¶23}** We have previously noted that "dismissal of cases before their final disposition would require either that ***children be returned to a potentially risky home situation or that a new complaint be filed to begin the process all over again" and the Supreme Court of Ohio has acknowledged "the burden that a mandatory 90-day deadline in R.C. 2151.35(B)(1) may impose on the already-strained dockets of the juvenile courts. But regardless of the policy concerns raised by dismissal of the complaint, our duty is to apply the statute as written." *In re K.M., supra at* ¶¶ 28, 30 reconsideration denied sub nom. *In re J.T.,* 159 Ohio St.3d 1438, 2020-Ohio-3634, 148 N.E.3d 578.

**{¶24}** Appellant's assignment of error regarding the application of R.C. 2151.35(B)(1) is granted and we hold that trial court had no authority to act after October 23, 2018. We hereby reverse the decision of the trial court granting legal custody of the children to Sharon Walker and Mark Howland and remand the matter to the trial court to enter an order of dismissal of the complaint without prejudice. Because we have found this issue to be dispositive, we find the remaining issues raised by appellants are moot.

By: Baldwin, J.

Delaney, J. concur

Hoffman, P.J. dissents

*Hoffman, J., dissenting*

**{¶25}** I respectfully dissent from the majority opinion.

**{¶26}** The lynchpin of the majority opinion is its reliance on *In re K.M.*, 159 Ohio St.3d 544 (2020).[2]

**{¶27}** I find *In re K.M.* significantly procedurally distinguishable.

**{¶28}** In *In re K.M.*, the appellant mother made a motion to dismiss prior to the start of the dispositional hearing for failure of the trial court to hold it in a timely manner as required by 2151.35(B)(1). The trial court denied Mother's motion to dismiss. Mother challenged that ruling on direct appeal. This Court overruled Mother's assigned error. The Ohio Supreme Court reversed this Court's decision and remanded the case to the trial court to enter orders of dismissal without prejudice.

**{¶29}** The Ohio Supreme Court unanimously found the statutory deadline in R.C. 2151.35(B)(1), was mandatory, and not directory. The proposition of law presented was:

> Ohio law mandates that a juvenile court dismiss a neglect, abuse, or dependency case **on the motion of any party** if the court does not complete disposition within ninety days of the date of filing of the complaint. (*In re K.M.*, *supra*, at ¶16, emphasis added).

**{¶30}** In affirming this proposition of law, the Ohio Supreme Court quoted R.C. 2151.35(B)(1):

---

[2] Both Judge Baldwin and I were on the appellate court panel that decided *In re K.M.* See *In re K.M.*, 5th Dist. Richland No. 18CA07, 18CA08, 2018-Ohio-3144.

The dispositional hearing shall not be held more than ninety days after the date of which the complaint in the case was filed.

If the dispositional hearing is not held within the period of time required by this division, the **court on its own motion or the motion of any party or the guardian ad litem of the child**, shall dismiss the complaint without prejudice. (Emphasis added).

**{¶31}** The Ohio Supreme Court found the statutory deadline to be mandatory when "the nature of the act to be performed or the phraseology of the statute in such that the designations of time must be considered a limitation upon the power of the officer." *Id.*, *citing In re Davis*, 84 Ohio St.3d 520, 522. The Ohio Supreme Court then contrasted *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, noting R.C. 2151.35(B)(1) does contain an express limitation of a juvenile court's authority for failure to comply with a statutory deadline. *In re K.M.*, *supra*, at ¶23. I find it noteworthy the Ohio Supreme Court held the statute limits the juvenile court's authority, not eliminates it.

**{¶32}** The Ohio Supreme Court went on to hold there can be no implicit waiver of the 90-day limit as the statutory language is explicit in requiring dismissal after the expiration of the 90-day period. *In re K.M.*, *supra* at ¶23.

**{¶33}** Based upon the explicit language of R.C. 2151.35(B)(1), I find *In re K.M.* to be distinguishable from the instant action. The statue does not read "If the dispositional hearing is not held within the period of time required by the division, the court shall dismiss the complaint without prejudice." Rather, it includes the specific language "on its own motion or the motion of any party or the guardian ad litem of the child." I suggest such

additional language is not superfluous. The Ohio Supreme Court did not hold the trial court lacked authority or subject matter jurisdiction, but rather the statute served as a limit on the juvenile court's authority.  It is clear there was a timely motion to dismiss in *In re K.M.* and the issue was presented on direct appeal.  Such is not the case herein.

**{¶34}**  There is no record Appellants herein made a motion to dismiss before the trial court issued its final entry on August 28, 2019.  Nor did Appellants file a direct appeal from said final entry.  Had there been, I would readily agree with the majority *In re K.M.* would mandate dismissal of the complaint without prejudice.  However, this case does not present a situation of a lack of subject matter jurisdiction, nor does it present the improper exercise of jurisdiction as occurred in *In re K.M.*

**{¶35}**  In the absence of a motion to dismiss pursuant to R.C. 2151.35(B)(1) and a direct appeal, I find Appellants' asserted error is not now subject to collateral attack.  I would overrule it on the basis of res judicata.