[Cite as *In re E.S.*, 2021-Ohio-3797.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN RE: E.S. | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | |
| | : | Case No. 2021-CA-00011 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2021 C 018



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                October 25, 2021




APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

STEVEN KINGSOLVER &                    JESSICA L. MONGOLD
TINA KINGSOLVER                        Post Office Box 502
11244 Ridenour Road                    Lancaster, OH 43130
Thornville, OH  43076

*Wise, Earle, J.*

{¶ 1}   Former legal custodians Steven Kingsolver and Tina Kingsolver appeal the May 24, 2021 judgment of the Perry County Court of Common Pleas Juvenile Division granting legal custody of E.S to his paternal grandmother S.W. Plaintiff-Appellee is Perry County Children's Services (PCCS).

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This matter comes before this court following reversal and remand in *In the Matters of: Z.S, C.S, and E.S.*, 5th Dist. Perry Nos. 20-CA-00002, 20-CA-00003, 20-CA-00004, 2021-Ohio-118, a matter involving legal custody of three minor children. In that case we found the 90-day deadline set forth in R.C. 2151.35(B)(1) within which to conduct a dispositional hearing had been exceeded and remanded the matter to the trial court with instructions to enter an order of dismissal of the complaint without prejudice.[1]

{¶ 3}   Appellants statement of facts and statement of the case are nebulous, contain no references to the record, and appear editorial. Moreover, Appellants have failed to provide a transcript of the proceedings upon remand. From the available record including the judgment entry appealed from, we discern the following events took place following our remand to the trial court.

{¶ 4}   Two children had aged out by the time this matter was remanded to the trial court on January 19, 2021. On January 26, 2021 PCCPS obtained ex parte emergency custody of the remaining minor child, E.S. A new complaint was filed the following day and an ex parte review hearing was held. Neither of the Appellants attended. The trial

---

[1] Hon. William B. Hoffman dissenting.

court found the ex parte order necessary and proper, maintained E.S. in the temporary custody of PCCPS, and entered a denial of the complaint on behalf of Appellants.

{¶ 5}   A trial was held on March 3, 2021. Appellants attended. The court heard testimony from two PCCPS case workers, a court services worker who testified regarding the Appellant's drug testing and level of compliance with drug and alcohol counseling, and E.S.'s paternal grandmother S.W. Appellants cross-examined all except S.W. They presented no testimony or evidence of their own.

{¶ 6}   At the conclusion of the trial, the trial court found E.S. to be a dependent child based on the drug activity of Appellants and their refusal to properly complete a case plan. The trial court therefore found an award of legal custody of E.S. to S.W. was within the best interests of E.S.

{¶ 7}   Appellants timely appealed. They raise one assignment of error for our consideration as follows:

I

{¶ 1}   "THE TRIAL COURT ERRED BY RULING AGAINST THE MANIFEST WEIGHT OF EVIDENCE AFTER HEARING TESTIMONY THAT ELIMINATED THE EVIDENCE THAT WAS USED TO BEGIN THE CASE"

{¶ 2}   Appellants appear to advance a manifest weight argument, an analysis that cannot be undertaken without a complete record.

{¶ 3}   While we understand Appellants filed this appeal pro se, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. Appellants have failed to provide this court with a transcript of the proceedings below.

Pursuant to App.R. 9(B), it is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the trial court's decision. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.* at 199, citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). Without the filing of a transcript (or a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement under App.R. 9(D)), this court has nothing to pass upon and must presume the validity of the trial court's proceedings and affirm. *Id.* This means that "we must presume that the trial court acted with regularity and did not abuse its discretion." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988).

{¶ 4} Although "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules," *Oyler v. Oyler*, 5th Dist. Stark App. No. 2014CA00015, 2014-Ohio-3468, ¶¶ 18-19, we find the Appellants noncompliance with the appellate rules is significant and their brief lacks any cogent argument. "[F]airness and justice are best served when a court disposes of a case on the merits," however, we find this brief reflects a substantial disregard for the court rules which cannot be cured. *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982).

{¶ 5} The Appellants sole assignment of error is therefore overruled.

{¶ 6}    The judgment of the Perry County Court of Common Pleas Juvenile Division is affirmed.

By Wise, Earle, J.

Baldwin, P.J. and

Delaney, J. concur.

EEW/rw