[Cite as *C.B. v. K.R.*, 2019-Ohio-3621.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| C.B., | : | |
| Appellant, | : | CASE NO. CA2019-02-002 |
| | : | O P I N I O N |
| - vs - | | 9/9/2019 |
| | : | |
| K.R., | : | |
| Appellee. | : | |


APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. AD20120747; AD20120748; AD20120749


C.B., 6254 Greenhaven Avenue, Galloway, Ohio 43119, appellant, pro se

Judkins & Hayes, LLC, John W. Judkins, 303 West Jefferson Street, P.O. Box 33, Greenfield, Ohio 45123, for appellee


**M. POWELL, J.**

{¶ 1} Appellant ("Grandmother") appeals a decision of the Fayette County Court of Common Pleas, Juvenile Division, granting her grandparent visitation.

{¶ 2} Father and Mother are the parents of three minor children. Father is the son of Grandmother. In October 2014, the juvenile court granted legal custody of the three

children to appellee, a relative of the children ("Custodian"); Father was granted standard parenting time. In June 2016, a civil protection order was issued against Father. Under the terms of the order, Father's parenting time was reduced to supervised visitation at Grandmother's home every Saturday from 1:00 p.m. to 6:00 p.m. On May 2, 2017, the juvenile court ordered that Father's parenting time be the same as provided in the CPO.

{¶ 3} Grandmother lives in Galloway, Ohio; the children live in Washington Court House, Ohio. To facilitate Father's parenting time, Grandmother travels 45 minutes to the Washington Court House police station where she picks up the children every Saturday at 1:00 p.m., drives the children to her home where they visit with Father for approximately three hours, and then returns the children to the police station, dropping them off at 6:00 p.m.

{¶ 4} As a result of criminal charges filed against him, Father anticipated being sentenced to incarceration in February 2019, and thus being unavailable to exercise his parenting time. Consequently, on October 23, 2018, Grandmother moved for grandparent visitation with the children. The motion requested that she be "allow[ed] to exercise Father's parenting time." A hearing on the motion was held in January 2015. Father, Mother, and Grandmother testified at the hearing. The juvenile court further conducted in-camera interviews of the children.

{¶ 5} Testimony at the hearing revealed that Grandmother has a good relationship with the children, has been involved in their lives since the 2007 birth of the oldest grandchild, and has been traveling to the Washington Court House police station every Saturday since June 2016. Testimony further revealed that Grandmother and Custodian do not get along well. Both Father and Mother expressed their wishes that Grandmother be granted visitation. During the hearing, Grandmother orally moved for visitation with the children every other weekend, from 6:00 p.m. on Friday to 6:00 p.m. on Sunday.

{¶ 6} By entry filed on January 22, 2019, the juvenile court found it was "in the best interest of the children to allow [Grandmother] to exercise [Father's] visitation schedule as requested in the motion." Consequently, the juvenile court granted Grandmother "the same visitation under the same conditions as [Father's] as previously ordered by this Court."

{¶ 7} Grandmother now appeals, raising two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRORED NOT TAKING THE BEST INTEREST OF THE CHILDREN TRAVEL TIME. (SIC)

{¶ 10} Grandmother argues the juvenile court erred in overlooking the travel time, and thus, failed to consider the children's best interest in fashioning her visitation schedule.

{¶ 11} R.C. 3109.051(B) provides that a trial court may grant reasonable visitation rights to grandparents if the court determines that such visitation is in the child's best interest. The trial court has broad discretion in deciding matters regarding visitation rights of grandparents. *In re Davis*, 12th Dist. Warren No. CA99-07-078, 2000 Ohio App. LEXIS 830 (Mar. 6, 2000). Therefore, while a trial court's decision regarding visitation time must be just, reasonable, and consistent with the best interest of the child, this court will not reverse the trial court's decision absent an abuse of discretion. *Grover v. Dourson*, 12th Dist. Preble No. CA2018-07-007, 2019-Ohio-2495, ¶ 36. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219. When determining whether to grant visitation rights to a grandparent, the trial court is required to consider the 16 factors listed in R.C. 3109.051(D). *In re N.C.W.*, 12th Dist. Butler No. CA2013-12-229, 2014-Ohio-3381, ¶ 20.

{¶ 12} To further a child's best interest, the trial court has the discretion to limit or restrict visitation rights. *In re I.C.*, 12th Dist. Fayette No. CA2016-11-019, 2017-Ohio-5851, ¶ 22. "This includes the power to restrict the time and place of visitation, [and] to determine

the conditions under which visitation will take place[.]" *Anderson v. Anderson*, 147 Ohio App.3d 513, 2002-Ohio-1156, ¶ 18 (7th Dist.).

{¶ 13} Upon reviewing the record, we find that the juvenile court properly reviewed, discussed, and applied the factors under R.C. 3109.051(D) when fashioning Grandmother's visitation schedule and analyzing the children's best interest. The juvenile court considered the geographical location of Grandmother's residence and Custodian's residence and the distance and travel time between the two as required by R.C. 3109.051(D)(2). The juvenile court further considered the children's age as well as their wishes and concerns. We note that while most of Grandmother's visitation will take place at her home, as was the case for Father's parenting time, her visitation time will in fact be longer than Father's as it will begin as soon as she picks up the children at 1:00 p.m. and will not end until 6:00 p.m. when she returns them to Custodian.

{¶ 14} In light of the foregoing, we find that the juvenile court did not abuse its discretion in granting visitation to Grandmother every Saturday from 1:00 p.m. to 6:00 p.m. as requested in her motion. Grandmother's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} [CUSTODIAN] CONTINUES TO VIOLATE COURT ORDER VISITATION RIGHTS, JUDGE OVERLOOKED BEST INTEREST OF THE CHILDREN. (SIC)

{¶ 17} Grandmother argues the juvenile court erred in overlooking the "several times [Custodian] has withheld [the] children for visits," and thus, failed to consider the children's best interest in fashioning Grandmother's visitation schedule. Grandmother's argument ostensibly refers to her testimony that on two or three occasions, she drove to the Washington Court House police station to pick up the children only to discover that the children were not there. The record indicates that Father was incarcerated on at least one of those occasions. Grandmother seemingly asserts that Custodian's prior violations of

- 4 -

Father's parenting time were improperly ignored by the juvenile court.

{¶ 18} There were no pending issues or motions before the juvenile court concerning Custodian's alleged violations of Father's parenting time at the time of the hearing. In any event, it is well-established that generally, a party cannot appeal an alleged violation of another party's right. *See In re K.C.*, 7th Dist. Monroe No. 15 MO 0016, 2016-Ohio-3229; *Meyers v. Hendrich*, 11th Dist. Portage No. 2009-P-0032, 2010-Ohio-4433; *In re Mourey*, 4th Dist. Athens No. 02CA48, 2003-Ohio-1870. Thus, Grandmother does not have standing to challenge Custodian's violations of Father's parenting time prior to the time Grandmother was awarded visitation. We further note that the juvenile court considered Custodian's alleged violations when it stated, "the custodian has indicated by her past actions that she will comply with the Court's orders regarding visitation but strictly construes them."

{¶ 19} Grandmother's second assignment of error is overruled.

{¶ 20} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.