[Cite as *In re G.T.*, 2022-Ohio-654.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: G.T. | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 2021 CA 0066 |
|  | : |  |
|  | : |  |
|  | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                              Common Pleas, Juvenile Division, Case
                              No. 19-DEP-0028

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 7, 2022

APPEARANCES:


For Appellee RCCSB                    For Appellant-Mother

CHRISTOPHER W. ZUERCHER               DARIN AVERY
Richland County Children's Services   Attorney for Mother
731 Scholl Road                       105 Sturges Avenue
Mansfield, OH 44907                   Mansfield, OH 44903

*Gwin, P.J.*

{¶1}    Appellant appeals the July 23, 2021 judgment entry of the Richland County Court of Common Pleas, Juvenile Court, overruling Mother's objections, adopting the magistrate's decision, and denying Mother's motion to dismiss.

### Facts & Procedural History

{¶2}    M.G. is the Mother ("Mother") of G.T., who was born on February 20, 2018. S.T. is the father ("Father") of G.T.

{¶3}    On January 29, 2019, appellee Richland County Children's Services Board ("RCCSB") filed a complaint alleging G.T. was a dependent and abused child.  On the same day, RCCSB also filed a motion for temporary custody, requesting the court place G.T. in the temporary custody of his maternal grandparents with an order of protective supervision to RCCSB.  The trial court granted the motion on February 6, 2019.   On February 8, 2019, the trial court appointed attorney Jeanne Pitzer ("Pitzer") as the guardian ad litem for G.T.

{¶4}    The trial court held a second adjudicatory hearing on March 5, 2019, and set a final pre-trial conference for March 19, 2019.  Counsel for Mother requested a continuance of the March 19th date.  The hearing was rescheduled to April 2, 2019.  At the hearing on April 2, 2019, the parties were unable to reach an agreement.  Thus, the parties requested a full evidentiary hearing as to whether G.T. was a dependent and/or abused child.  The judgment entry issued after the April 2nd hearing states, "[Father], with representation of counsel and under oath, and [Mother], through counsel, each has waived the timeliness requirements for dispositional hearing of R.C. 2151.35(B) * * * their

counsel has assured the Court that he would forthwith supply the Court with written waivers executed by each said parent."

{¶5}    On April 16, 2019, both Mother and Father each executed a written document entitled "Time Waiver (Ohio Juvenile Rule 34(A) & O.R.C. 2151.35(B)(1))" that was filed with the trial court on April 17, 2019.  The waiver provides as follows:

I have been advised and understand that pursuant to Ohio Juvenile Rule 34(A) and O.R.C. 2151.35(B)(1) the adjudication and disposition of this case must occur, if at all, within ninety (90) days of the filing of the complaint; and that if case adjudication and disposition does not occur within the specified ninety (90) day period of time, this case is subject to being dismissed with the right of the State to refile the case.

Have been so advised, I hereby acknowledge that I understand my right to have this case adjudicated and disposed of within the specified ninety (90) day period of time.  Having been so advised and acknowledging my understanding herein, I hereby expressly and voluntarily waive (give up) my right to have this case adjudicated and disposed of within the specified ninety (90) day period of time, and consent to case adjudication and/or disposition occurring beyond ninety (90) days of the filing of the case Complaint.

{¶6}    Counsel for Mother and Father signed each of the waivers and expressly acknowledged, "that prior to the above signing I have informed my client of the time requirements specified under Ohio Juvenile Rule 34(A) and O.R.C. 2151.35(B)(1).  I

represent to the Court that it is counsel's professional opinion that my client entered into this case adjudication and disposition time waiver, knowingly and voluntarily."

{¶7} Mother failed to appear for a May 7, 2019 hearing. At the hearing, RCCSB orally withdrew the abuse allegations. Father appeared at the hearing, waived his trial rights, and agreed G.T. was a dependent child. Mother's counsel did not object on her behalf. The trial court found by clear and convincing evidence that, based upon the agreement of Father, lack of objection by Mother's counsel, and the recommendation of RCCSB, G.T. is a dependent child pursuant to R.C. 2151.04(C). Father additionally agreed that it was in the best interest of G.T. to be placed in the temporary custody of G.T.'s maternal grandparents. The trial court stated, "based on the agreement of Father, the testimony of Father to Mother's medical condition, lack of objection by Mother's counsel, and the recommendation of Children's Services, this Court finds by a preponderance of the evidence that it serves the child's best interests to be placed in the temporary custody of maternal grandfather * * * and to grant an order of protective supervision to children services."

{¶8} The magistrate issued a decision on May 20, 2019, finding G.T. is a dependent child; placing G.T. in the temporary custody of Maternal Grandfather; and granting an order of protective supervision to RCCSB. The trial court entered a judgment entry on June 6, 2019, approving and adopting the magistrate's May 20th decision.

{¶9} The trial court held a review hearing on August 2, 2019. Mother did not appear at the hearing. The trial court continued the temporary placement with maternal grandparents and continued the order of protective supervision to RCCSB. The trial court held another review hearing on September 20, 2019. Mother did not appear at the

hearing. The court continued temporary custody to maternal grandparents and the order of protective supervision to RCCSB.

{¶10} On January 13, 2020, RCCSB filed a motion for disposition, requesting temporary custody to the maternal grandparents be terminated, the order of protective supervision be terminated, and that temporary custody be granted to RCCSB.

{¶11} On January 28, 2020, B.T., the child's paternal grandmother, filed a motion to intervene and motion to modify disposition so that she could be named the legal custodian of G.T. Father filed a motion for legal custody on February 10, 2020.

{¶12} The magistrate held a hearing on February 28, 2020. Mother and Father did not appear for the hearing. The magistrate denied B.T.'s motion to intervene. B.T. filed objections to the magistrate's order. B.T. filed a second motion for disposition on March 12, 2020, requesting she be named the legal custodian of G.T. The trial court denied both of B.T.'s motions on June 3, 2020. B.T. filed another motion for legal custody on October 30, 2020. The trial court denied the motion.

{¶13} Mother filed a motion for disposition and legal custody on March 3, 2020. Mother and Father filed numerous motions regarding visitation. On July 21, 2020, Pitzer was appointed as attorney for G.T. G.T. was then appointed a separate guardian ad litem.

{¶14} The magistrate held a hearing on September 24, September 25, and November 6 of 2020 on the following motions: motion of RCCSB requesting temporary custody to maternal grandparents be terminated, the order of protective supervision be terminated, and temporary custody be granted to RCCSB; Father's motion for legal custody for himself and/or his mother B.T.; Mother's motion for disposition asking the child

be returned to her custody; and multiple motions and proposed case plan amendments with regards to visitation.

{¶15} The magistrate issued a judgment entry on December 7, 2020, finding, by a preponderance of the evidence, that custody to Mother, custody to Father, and custody to B.T. was not in G.T.'s best interests. Rather, it was in the best interest of G.T. that temporary custody be granted to RCCSB. The magistrate thus denied Mother and Father's motions for custody, and granted temporary custody to RCCSB.

{¶16} Mother filed objections to the magistrate's decision on December 18, 2020. The trial court issued a judgment entry on July 23, 2021, overruling Mother's objections, and adopting the December 7, 2020 magistrate's decision.

{¶17} Mother and Father filed a joint motion to dismiss on March 3, 2021, for the failure to conduct a dispositional hearing within 90 days of the filing of the complaint. Mother and Father noted that RCCSB filed its complaint on January 29 2019, but did not hold a dispositional hearing until May 7, 2019, eight days after the April 29, 2019 deadline, and did not issue a judgment entry on the disposition until June 6, 2019. While Pitzer, as counsel for G.T., initially signed the motion, she subsequently withdrew her endorsement of the motion to dismiss in a written "motion to withdraw support." Father and Mother each filed a memorandum in support of the motion to dismiss on April 9, 2021. RCCSB filed a memorandum in opposition to the motion to dismiss on April 30, 2021.

{¶18} The magistrate issued a decision on May 24, 2021 denying the motions to dismiss. The magistrate found: (1) the waivers both Mother and Father executed were effective; (2) the parents are barred from asserting their motion to dismiss by the doctrine

of laches and fundamental fairness; and (3) any delay in the dispositional hearing was due to the acts of the parents and/or their counsel.

{¶19} Mother filed objections to the magistrate's decision on June 7, 2021.

{¶20} The trial court issued a judgment entry on July 23, 2021, overruling Mother's objections and adopting the magistrate's decision. The trial court distinguished the Ohio Supreme Court's decision of *In re K.M.,* noting that the Ohio Supreme Court did not address whether dismissal of a dependency, neglect, or abuse complaint is automatically required when there is no direct appeal of the original case disposition. The trial court also distinguished the two previous cases issued by this Court, finding that neither case considered an explicit waiver of the ninety-day period or the issue of res judicata.

{¶21} The trial court found that any error in failing to dismiss was an error in the court's exercise of jurisdiction, rendering the June 6th judgment entry voidable, not void, and thus it cannot be challenged via a collateral attack. The trial court found Mother failed to preserve her objection by failing to directly appeal the June 6, 2019 judgment entry, and is now precluded by the doctrine of res judicata from challenging any error related to the ninety-day dismissal rule. Further, that Mother had no standing to object to the absence of a waiver executed on behalf of G.T. because a party cannot appeal an alleged violation of another party's rights. Third, the trial court found that the dismissal provision of R.C. 2151.35(B)(1) does not divest a juvenile court of post-dispositional continuing jurisdiction under R.C. 2151.353(F)(1), because the two code sections must be read in pari materia. Finally, the trial court stated the motion to dismiss should be overruled because Mother executed an express written waiver of the ninety-day dismissal rule.

{¶22} Mother appeals the July 23, 2021 judgment entry of the Richland County Court of Common Pleas, Juvenile Division, and assigns the following as error:

{¶23} "I. THE COURT ERRED IN DECLINING TO DISMISS THE CASE WITHOUT PREJUDICE."

{¶24} Mother asserts the trial court committed error in failing to dismiss the case, as it failed to hold the dispositional hearing within ninety-days of the filing of the complaint.

{¶25} According to the version of R.C. 2151.35(B)(1) in effect at the time of the proceedings,

> If the court at an adjudicatory hearing determines that a child is an abused, neglected, or dependent child, the court shall not issue a dispositional order until after the court holds a separate dispositional hearing. * * * The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed.

> If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion, or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice.

{¶26} RCCSB filed the complaint regarding G.T. on January 29, 2019. The dispositional hearing in this case was not held until May 7, 2019, eight days after the time limit contained in the version of R.C. 2151.35(B)(1) in place at the time of the proceedings (on April 12, 2021, legislation became effective that allows the trial court, under certain circumstances, an additional 45 days beyond the 90-day limit).

{¶27} We find Mother's argument not well-taken for two reasons:  explicit waiver and res judicata.

*Explicit Waiver*

{¶28} Mother first contends that the ninety-day dismissal rule cannot be explicitly waived.  She cites the Ohio Supreme Court's decision of *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, in support of her argument.  While the Ohio Supreme Court held that the 90-day time limit is mandatory, the Court also held, "in the face of such language, there can be no implicit waiver of the 90-day limit." *Id.*  The Supreme Court did not limit explicit waivers.  During the oral argument in the *K.M.* case, several of the justices discussed and proposed the use of written waivers by parents of the 90-day limit.

{¶29} While this Court has followed the holding by the Supreme Court and dismissed complaints without prejudice where a parent has not explicitly waived the 90-day time limit, we have not addressed the issue of whether explicit waivers of the limit contained in R.C. 2151.35(B) are permitted.  *In the Matters of Z.S., C.S., and E.S.*, 5th Dist. Perry Nos. 20-CA-00002, 20-CA-00003 and 20-CA-00004, 2021-Ohio-118 (dismissing case beyond the 90-day deadline when no explicit wavier).  The other appellate court districts in Ohio who have addressed the issue of whether explicit waivers of the 90-day limit contained in R.C. 2151.35(B) are permitted have held that explicit waivers are permitted.  *In the Matter of K.M. and A.M.*, 4th Dist. Highland No. 20CA4, 20CA6, 2020-Ohio-4476; *In the Matter of L.S.*, 4th Dist. Ross No. 20CA3719, 2020-Ohio-5561; *In re D.G.*, 1st Dist. Hamilton No. C-200359, C-200371, 2021-Ohio-429.

{¶30} The parents who expressly waived the 90-day limit in *In the Matter of K.M. and A.M.* and *In the Matter of L.S.* appealed the Fourth District's determination that

express waivers of the 90-day deadline are permitted.　They specifically argued and asked the Ohio Supreme Court to accept the proposition of law that express waivers of the 90-day dispositional deadline contained in R.C. 2151.35(B) are not permitted.　The Ohio Supreme Court twice declined jurisdiction of the express waiver issue, once in 2020, and once in 2021.　*In re K.M.*, 160 Ohio St.3d 1509, 2020-Ohio-6835, 159 N.E.3d 1164; *In the Matter of L.S.*, 162 Ohio St.3d 1439, 2021-Ohio-1399, 166 N.E.3d 1262.

{¶31}　Accordingly, we conclude that express waivers are permitted.　An express waiver is defined as a "voluntary and intentional waiver."　*Black's Law Dictionary* (11th ed. 2019).　In the instant case, the parents explicitly, voluntarily, and intentionally waived the 90-day statutory safeguard to which the Supreme Court refers to in *In re K.M.*　They each signed a waiver that explicitly stated what rights they were waiving, and explained, in detail, the time limitations contained in R.C. 2151.35(B).　Additionally, counsel for each parent signed each waiver and expressly acknowledged that he informed Mother and Father of the time requirements contained in Juvenile Rule 34(A) and R.C. 2151.35(B).　Counsel stated in the document that it was his "professional opinion that my client entered into this case adjudication and disposition time waiver, knowingly and voluntarily."　Mother and Father clearly and specifically chose to extend the date of the dispositional hearing.　Thus, the trial court did not commit error in overruling the motion to dismiss based upon explicit waiver.

{¶32}　Mother also contends the waiver of Mother and Father are not sufficient in this case because the First District stated that "when all parties explicitly agree to waive the 90-day deadline the Ohio Supreme Court ruling does not mandate dismissal with prejudice."　*In re D.G.*, 1st Dist. Hamilton No. C-200359, C-200371, 2021-Ohio-429.

Mother states that, pursuant to Juvenile Rule 2(Y), the GAL and the child are "parties" to the case and, without a waiver from the GAL and the child, not all the parties have waived.

{¶33} We disagree with Mother. First, there is no discussion of the implicit or explicit waiver of any party other than the parents in any of the cases Mother cites, including the Ohio Supreme Court case of *In re K.M.*

{¶34} Further, "it is well-established that an appeal lies only on behalf of a party aggrieved by the final order appealed from." *Ohio Contract Carriers Assn., Inc. v. P.U.C.O.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942). One party can neither object or appeal by raising arguments on behalf of another person's rights. See *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977; *In re Mourey*, 4th Dist. Athens No. 02CA48, 2003-Ohio-1870 ("a party cannot appeal an alleged violation of another party's rights"); *In the Matter of K.C.*, 7th Dist. Monroe No. 15 MO 0016, 2016-Ohio-3229; *C.R. v. K.R.*, 12th Dist. Fayette No. CA2019-02-002, 2019-Ohio-3621.

{¶35} Mother cannot raise issues on behalf of an allegedly aggrieved third-party, particularly when that party could have appealed the issue to protect his or her own interest. *In re T.W.*, 1st Dist. Hamilton No. C-130080, 2013-Ohio-1754. In this case, G.T. had an attorney appointed for him. This same attorney was the GAL, appointed to protect the child's interest, at the time the dispositional hearing was held outside the 90-day time limit. Thus, she could have appealed the issue if she determined it was in the child's best interest or to protect his rights. The GAL/attorney for the child did not appeal, and, at the trial court level, specifically and in writing, withdrew her support of the motion to dismiss for the failure to hold the dispositional hearing within the 90-day deadline.

{¶36} Mother lacked standing to raise arguments or claims on behalf of the child or the GAL, as they are non-appealing parties. See *In re T.W.*, 1st Dist. Hamilton No. C-130080, 2013-Ohio-1754. Thus, we overrule the portion of her assignment of error pertaining to any alleged errors with regard to the child or the GAL because they are not parties to this appeal. Additionally, as discussed below, Mother's argument as to the lack of a waiver by other parties is barred by the doctrine of res judicata.

*Res Judicata*

{¶37} We further find the trial court did not commit error in denying Mother's motion to dismiss because her arguments are barred by the doctrine of res judicata.

{¶38} In the Supreme Court case of *In re K.M.*, the mother made her motion to dismiss prior to the start of the dispositional hearing. 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245. There was a timely motion to dismiss and the issue was presented on direct appeal. *Id.* This case is distinguishable because Mother did not file her motion to dismiss until twenty-one months after the June 2019 judgment entry was issued, and she did not file a direct appeal of the June 2019 judgment entry.

{¶39} Mother contends res judicata is inapplicable to this case because the dispositional judgment entry was not voidable, but was void for subject-matter jurisdiction, appealable at any time. We disagree.

{¶40} The Ohio Supreme Court held that the statute limits the juvenile court's authority, not eliminates it. *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245. The Supreme Court did not hold the trial court lacked authority or subject matter jurisdiction. *Id.* A void judgment is one "entered by a court lacking subject matter jurisdiction." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

"When a case is within a court's subject-matter jurisdiction and the parties are properly before the court, any error in the exercise of its jurisdiction renders the court's judgment voidable, not void." *Id.* "In general, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Id.* If an entry is voidable, res judicata applies. *Id.*

{¶41} R.C. 2151.23(A)(1) provides that the juvenile court "has exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be an * * * abused, neglected, or dependent child." The Ohio Supreme Court did not hold that the 90-day deadline contained in R.C. 2151.35(B) is jurisdictional. *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245. Accordingly, any error the juvenile court made in proceeding on the dependency complaint after the 90-day deadline passed in this case renders its resulting decisions voidable, not void. *In the Matter of L.S.*, 4th Dist. Ross No. 20CA3719, 2020-Ohio-5516.

{¶42} "Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time." *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989. "An adjudication by a juvenile court that a child is * * * dependent as defined in R.C. Chapter 2151, followed by an order of disposition under R.C. 2151.353(A) constitutes a 'final order' within the meaning of R.C. 2505.02." *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990).

{¶43} In this case, the juvenile court adjudicated G.T. a dependent child, and the court issued a R.C. 2151.353(A) dispositional order on June 6, 2019. Mother could have argued that the trial court violated R.C. 2151.35(B)(1) in a direct appeal from the court's

June 6, 2019 dispositional order, but she did not timely appeal the dispositional order. Thus, res judicata bars her from raising the issue in this appeal.

{¶44} Mother cites this Court's previous cases of *In the Matters of Z.S., C.S., and E.S.*, 5th Dist. Perry Nos. 20-CA-00002, 20-CA-00003, and 20-CA-00004, 2021-Ohio-118 and *In the Matter of E.S.*, 5th Dist. Perry No. 20CA3719, 2020-Ohio-4843, in support of her argument. However, there was no argument in either case regarding res judicata and we did not determine whether the entries were void or voidable. Additionally, the facts in this case are distinguishable from the previous cases, as those cases dealt specifically with implicit waivers, not explicit waivers.

{¶45} The Ohio Supreme Court recently accepted a proposition of law as to whether res judicata bars a parent's argument on appeal from a permanent custody determination that the juvenile court failed to abide by the 90-day timeframe set forth in R.C. 2151.35(B)(1) where the parent failed to appeal the underlying dependency disposition. *In re K.K.* 164 Ohio St.3d 1440, 2021-Ohio-3233, 173 N.E.3d 1229.

{¶46} However, *K.K.* is factually distinguishable from the instant case, as in the *K.K.* case, neither of the parents explicitly waived the 90-day deadline. In this case, both parents signed wavier forms indicating express and explicit waiver of the statutory requirement. Further, explicit waiver is a separate and independent basis from res judicata for the trial court to deny the motion to dismiss in this case.

{¶47} Based on the foregoing, Mother's assignment of error is overruled.

{¶48} The July 23, 2021 judgment entry of the Richland County Court of Common

Pleas, Juvenile Division, is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur