[Cite as *In re F.L.H*, 2024-Ohio-5169.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE: F.L.H.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2024 CA 00056


O P I N I O N


CHARACTER OF PROCEEDINGS: Appeal from the Licking County Court of Common Pleas, Juvenile Division, Case No. F2023-0169

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: October 28, 2024

APPEARANCES:


For Plaintiff-Appellee

JENNY WELLS
Licking County Prosecuting Attorney

KENNETH W. OSWALT
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

For Father, C.H.

JERMAINE L. COLQUITT
Colquitt Law Office
14 N. Park Place
Newark, Ohio 43055

Guardian ad Litem

JODY RICHTER
35 S. Park Place
Newark, Ohio 43055

*Hoffman, P.J.*

**{¶1}** Appellant C.H. ("Father") appeals the June 27, 2024 Opinion/Judgment Entry entered by the Licking County Court of Common Pleas, Juvenile Division, which overruled Father's objections to the magistrate's September 25, 2023 decision, adopted said decision as order of the court, terminated Father's parental rights with respect to his minor child ("the Child"), and granted permanent custody of the Child to appellee Licking County Job and Family Services ("LCJFS").

### STATEMENT OF THE CASE[1]

**{¶2}** Father and M.M. ("Mother") are the biological parents of the Child.[2] On May 12, 2023, the magistrate issued an emergency ex-parte order of removal, authorizing LCJFS to take the Child into its custody. LCJFS requested the order after receiving a report Father had arrived at a pretrial supervision drug screen and tested positive for methamphetamine and fentanyl. The Child, who was with Father at the time, was filthy, had a foul odor, and the Child's hair was matted. The trial court conducted an emergency shelter care hearing on May 15, 2023, and placed the Child in the temporary custody of LCJFS. On May 15, 2023, LCJFS filed a complaint, alleging the Child was neglected and dependent and requesting permanent custody of the Child. The trial court appointed Attorney Jody Richter as Guardian ad Litem ("GAL") for the Child.

**{¶3}** The magistrate conducted an adjudicatory hearing on July 18, 2023. Father appeared without counsel, acknowledged his right to be represented by an attorney, verbally waived that right, and requested to proceed without counsel. Mother failed to appear at the hearing. Based upon the evidence and statements presented, the

---

[1] A Statement of the Facts is not necessary to our disposition of this appeal.
[2] Mother is not a party to this appeal.

magistrate found the Child to be dependent and neglected. The magistrate held a dispositional hearing on August 30, 2023. LCJFS confirmed its intent to proceed on the dispositional prayer contained in the complaint, to wit: permanent custody. Mother failed to appear at the hearing. Father appeared without counsel, verbally withdrew his prior waiver, and requested to proceed with counsel for purposes of disposition. The magistrate appointed Attorney Jermaine Colquitt to represent Father and continued the matter to allow Father to consult with Attorney Colquitt.

{¶4} The magistrate conducted a dispositional hearing on September 18, 2023. Father appeared with Attorney Colquitt. Mother appeared 45 minutes late, without counsel, and requested a continuance in order to have counsel appointed to represent her. The trial court denied Mother's request for a continuance, noting she had been properly served with notice of the hearing, had been advised numerous times, verbally and in writing, of her right to counsel, had failed to avail herself to the court, LCJFS, or the GAL, and had not visited the Child since May 22, 2023. Thereafter, LCJFS presented testimony from Mother, Father, and the LCJFS caseworker assigned to the family. Father testified in opposition to LCJFS's dispositional request. The GAL filed a written report and recommendations on July 12, 2023. The GAL testified as a court's witness. Via Magistrate's Decision filed September 25, 2023, the magistrate recommended Mother and Father's parental rights be terminated and permanent custody of the Child be granted to LCJFS.

{¶5} Father filed objections to the magistrate's decision on October 9, 2023. Therein, Father raised objections to the magistrate's denial of Mother's request for a continuance to have counsel appointed to represent her during the dispositional hearing,

and the magistrate's decision to grant permanent custody of the Child to LCJFS. Father filed supplemental objections on December 1, 2023. Father specifically asserted the magistrate violated Mother's constitutional and statutory rights to counsel.

**{¶6}** Via Opinion/Judgment Entry filed June 27, 2024, the trial court denied Father's objections and supplemental objections, and approved and adopted the magistrate's September 25, 2023, with one modification regarding visitation, as order of the court. With respect to Father's objections to the magistrate's denial of Mother's request to continue the dispositional hearing and appoint counsel to represent her during the proceedings, the trial court found Father lacked standing to raise the issue on behalf of Mother.

**{¶7}** It is from this judgment entry Father appeals, raising as his sole assignment of error:

THE TRIAL COURT'S DENIAL OF MOTHER'S REQUEST FOR AN ATTORNEY VIOLATED HER FOURTEENTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 1 AND 6 OF THE OHIO CONSTITUTION, R.C. 2151.352 AND JUV.R. 4(A) RIGHT TO COUNSEL.

**{¶8}** This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

I

**{¶9}** "[I]t is well-established that an appeal lies only on behalf of a party aggrieved by the final order appealed from." *Matter of G.T.,* 2022-Ohio-654, ¶ 34 (5th Dist.), citing *Ohio Contract Carriers Assn., Inc. v. P.U.C.O.*, 140 Ohio St. 160 (1942). "One party can neither object or [sic] appeal by raising arguments on behalf of another person's rights." (Citations omitted.) *Id.* However, "[a]n appealing party may complain of an error committed against a nonappealing party when the error is prejudicial to the rights of the appellant." *In re Smith*, 77 Ohio App.3d 1, 13 (6th Dist. 1991). In *E. Liverpool v. Columbiana Cty. Budget Comm.,* 2007–Ohio–3759, the Ohio Supreme Court, following the United States Supreme Court, recognized an exception to the general rule "when a claimant (i) suffers its own injury in fact, (ii) possesses a sufficiently ' "close" relationship with the person who possesses the right,' and (iii) shows some 'hindrance' that stands in the way of the claimant seeking relief." *Id.* at ¶ 22, quoting *Kowalski v. Tesmer,* 543 U.S. 125, 129–130 (2004).

**{¶10}** In ruling on Father's objections to the magistrate's decision, the trial court found Father lacked standing to raise the issue on behalf of Mother. The trial court explained:

> Third party standing is generally prohibited and [Father] failed to show that this claim meets the narrow exceptions. [Father] was not injured by [Mother's] denial of a continuance to seek counsel and he did not assert as such.

June 27, 2024 Opinion/Judgment Entry at p. 4.

**{¶11}** We agree with the trial court, Father cannot raise this issue on behalf of Mother, when Mother could have appealed the issue to protect her own interests. *In re T.W.*, 2013-Ohio- 1754, ¶ 9 (1st Dist.). Furthermore, Father has failed to establish he was prejudiced by the trial court's denial of Mother's request for a continuance to secure counsel.

**{¶12}** Father's sole assignment of error is overruled.

**{¶13}** The judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur