[Cite as *In re R.F.*, 2023-Ohio-297.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: R.F.

C.A. No.     30400

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 21 03 0168

DECISION AND JOURNAL ENTRY

Dated: February 1, 2023

HENSAL, Judge.

{¶1}    Appellant Mother appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her child in the permanent custody of Summit County Children Services Board ("CSB" or "the agency"). This Court affirms.

I.

{¶2}    Mother is the biological mother of R.F., born March 10, 2021.[1] CSB removed the child from Mother's care two days after her birth and filed a complaint alleging that R.F. was abused (endangered) and dependent. The agency premised its complaint on allegations of the parents' drug use, mental health issues, and inability to meet the child's basic needs. Mother and Father stipulated to probable cause for the child's removal and agreed to an emergency order of temporary custody to CSB.

---

[1] The child's paternity was established by genetic testing. Although Father appeared for the first three hearings in the case, his whereabouts thereafter were unknown. He has not appealed the juvenile court's award of permanent custody.

**{¶3}** Both parents attended the adjudication, waived their hearing rights, and stipulated to a finding of the child's dependency. CSB withdrew its allegation of abuse. Both parents also attended the disposition, waived their hearing rights, and stipulated to a finding that CSB had used reasonable efforts to prevent the child's removal, to the adoption of the agency's proposed case plan, and to an order placing R.F. in the temporary custody of CSB. The case plan required Mother and Father to maintain a source of income to provide for the child's basic needs, obtain chemical dependency and mental health assessments, and follow all recommendations. The parents were allowed supervised visitation in the discretion of CSB and the guardian ad litem.

**{¶4}** During the next six months, the juvenile court held two review hearings. Neither parent appeared for either hearing, although both were represented by counsel.[2] Two months later, CSB filed a motion for permanent custody of R.F. The agency alleged that the child could not or should not be returned to either parent based on their (1) failures to remedy the concerns that necessitated the child's removal, (2) chronic mental health issues and chemical dependencies, and/or (3) lack of commitment to the child. CSB further alleged that an award of permanent custody was in the child's best interest. Mother and Father each filed motions for temporary custody or, alternatively, a six-month extension of the agency's temporary custody.

**{¶5}** Despite having been properly served, neither parent appeared for the Monday morning permanent custody hearing. Immediately prior to the hearing, Mother's attorney orally moved for a continuance or, alternatively, for permission for Mother to appear remotely. As

---

[2] Neither Mother nor Father appeared for a later sunset hearing before a magistrate approximately one year after CSB filed its complaint.

grounds, Mother's attorney asserted that Mother had informed her the prior evening that she had been exposed to the Covid virus on Friday, and experienced symptoms during the weekend. The juvenile court judge directed Mother's counsel to place a phone call to Mother on the record. Mother did not answer the call. Her attorney left a voicemail message directing Mother to return the call. The juvenile court then inquired of the other parties. After consideration, the juvenile court noted that Mother's remote appearance was not possible as she did not answer her attorney's phone call. The court moreover denied Mother's motion for a continuance after citing and weighing relevant factors it asserted were commonly relied upon by Ohio case law.

{¶6} After an evidentiary hearing, the juvenile court denied Mother's and Father's alternative motions for temporary custody or a six-month extension of temporary custody to the agency. The court granted CSB's motion for permanent custody and terminated Mother's and Father's parental rights. Mother filed a timely appeal and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN DENYING MOTHER'S MOTION FOR CONTINUANCE OF THE PERMANENT CUSTODY TRIAL.

{¶7} Mother argues that the juvenile court abused its discretion by denying her oral motion to continue the permanent custody hearing. This Court disagrees.

{¶8} The Ohio Rules of Juvenile Procedure state that "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." Juv.R. 23. Summit County Court of Common Pleas, Juvenile Division, has also promulgated Local Rules of Practice and Procedure, one of which addresses motions for continuances as follows:

(A) A continuance will not be granted unless the party requesting the continuance demonstrates to the [Court] that there is an emergency or other unanticipated circumstance necessitating the continuance[.] * * * The decision to grant or deny a continuance is discretionary * * *.

(B) All requests for continuances must be made in writing and filed seven days before the scheduled hearing date. However, the Court may consider a Motion for Continuance that is filed less than seven days before the scheduled hearing date upon demonstration of emergency or for other unforeseen circumstances.

Loc.R. 5.03.

{¶9} This Court recognizes the juvenile court's discretion in determining whether to grant or deny a continuance, even where a parent is facing a termination of parental rights. *See, e.g., In re L.M.*, 9th Dist. Summit No. 29687, 2020-Ohio-4451, ¶ 5; and *In re J.J.*, 9th Dist. Medina No. 19CA0008-M, 2019-Ohio-2152, ¶ 7. That discretion contemplates "a balancing of any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." (Internal quotations omitted) *In re L.M.* at ¶ 5, quoting *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). The juvenile court should balance various factors when considering a motion for a continuance, including "the length of the continuance sought; whether the hearing has already been continued; [ ] the inconvenience to other parties and/or counsel, witnesses, and the trial court[;] * * * whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [party] contributed to the circumstance which gives rise to the request for a continuance; as well as any other relevant issues arising from the unique facts of the case." (Internal quotations omitted) *In re L.M.* at ¶ 5, quoting *Unger*, 67 Ohio St.2d at 67-68. A trial court has abused its discretion only if its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} Here, Mother's attorney informed the juvenile court that Mother called her the prior evening to report that she had been exposed to the Covid virus that weekend and was experiencing symptoms. Counsel requested that Mother be permitted to appear at the permanent custody hearing remotely via Zoom or, alternatively, that the court continue the hearing. When counsel called Mother on the record at the court's direction, Mother did not answer the call. Neither did Mother return counsel's phone call despite counsel's voicemail message to Mother to do so.

{¶11} Father's attorney did not oppose a continuance, particularly because Father was also not present for the hearing despite having been properly notified. The assistant prosecutor opposed a continuance based on Mother's failure to attend the last three hearings, as well as in the interest of timely permanence for the child. The guardian ad litem agreed with the assistant prosecutor and further reported that Mother had not been visiting with the child or participating in case plan requirements, had not provided any evidence that she had tested positive for Covid, and that she currently had an outstanding warrant.

{¶12} The juvenile court noted that Mother's request to participate in the permanent custody hearing remotely could not be accommodated only because Mother failed to answer her attorney's phone call placed during the time scheduled for the hearing. The court then denied Mother's motion for a continuance based on (1) Mother's failure to attend the prior three court hearings, (2) her ongoing failure to visit with the child or participate in reunification services, (3) her failure to answer her attorney's phone call or return that call so that she might appear remotely for the hearing, (4) the inconvenience to the attorneys, CSB caseworker, volunteer guardian ad litem, and the visiting judge presiding over the case, (5) the acknowledgement by those present that schedules would prevent rescheduling the hearing for at least another three months, (6) consideration for the child's caretaker, (7) the child's need for permanence, and (8) its "strong

suspicion * * * that this is a contrived excuse to not appear and to cause delay in the proceedings." Based on this Court's review, we conclude that the juvenile court did not abuse its discretion by denying Mother's motion for a continuance.

{¶13} Mother had not requested any prior continuances of the permanent custody hearing. She had failed for some time, however, to appear for any hearings or participate in the case in any meaningful way. She had not begun to engage in any case plan services, as evidenced by the orders issued out of the prior review hearings. The agency caseworker reported that Mother had not visited with R.F. at all during the seven weeks prior to the scheduled permanent custody hearing.

{¶14} Mother's attorney could not specify the length of the delay requested or indicate when Mother might be available to attend a rescheduled hearing. Mother did not follow through in good faith on her alternative request to appear remotely for the hearing when she failed to answer or return her attorney's phone call during the time Mother was aware had been scheduled for the hearing. *See* Juv.R. 23.

{¶15} Mother's interests were represented at the hearing. Her attorney cross-examined the agency's sole witness. All other parties (with the exception of Father, whose absence could not be accounted for by his attorney), attorneys, and witnesses were present and prepared to proceed with the permanent custody hearing. The visiting judge noted that the current hearing date had to be scheduled six months after the most recent prior hearing to accommodate everyone's schedules. Everyone present agreed that they would be unavailable for another hearing date for at least three months.

{¶16} The child had been removed from Mother's care when two days old and in custodial limbo her entire 14-month life and required timely permanence. R.F.'s lifelong caregiver was willing to provide a permanent home for the child.

{¶17} After the guardian ad litem had earlier informed the juvenile court that there was an outstanding warrant for Mother, the agency caseworker testified regarding some details. Mother had been charged six months earlier with telephone harassment against Father. That criminal charge gave rise to the currently pending warrant. While she may have been motivated to avoid subjecting herself to the possibility of arrest if she appeared in court, Mother declined to make herself available to participate remotely in the hearing.

{¶18} Under the circumstances, this Court concludes that the juvenile court did not abuse its discretion by denying Mother's oral motion to continue the permanent custody hearing. Mother might have appeared remotely for the hearing as she requested in the alternative, but she failed to take advantage of that opportunity. Delaying the proceedings would have inconvenienced the other parties, attorneys, guardian ad litem, agency caseworker, and visiting judge, all of whom were prepared to proceed with the hearing. Mother's attorney could not provide the juvenile court with any estimate as to the length of delay Mother was requesting. The alleged cause of Mother's request for a continuance could not be attributed to any other party involved in the case. It was not unreasonable for the visiting judge to suspect that Mother's proffered reason for her inability to appear in person was contrived, given the outstanding warrant for her arrest, coupled with her failures to attend any hearings after the initial disposition, participate in reunification services, and visit recently with the child. Although she was not present, Mother's counsel continued to represent Mother's interests, as she had in prior hearings. The juvenile court's denial of Mother's

request to continue the permanent custody hearing in this case was not unreasonable.  Mother's assignment of error is overruled.

III.

**{¶19}**  Mother's sole assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SHUBHRA AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

PAUL GRANT, Attorney at Law, for Appellee.

JOSEPH KERNAN, Guardian ad Litem.