[Cite as *In re K.A.*, 2023-Ohio-4401.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: K.A.

C.A. No.     30782

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 22 02 0157

DECISION AND JOURNAL ENTRY

Dated: December 6, 2023

STEVENSON, Judge.

{¶1}   Appellant Mother appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her child in the permanent custody of Summit County Children Services Board ("CSB" or "the agency"). This Court affirms.

I.

{¶2}   Mother is the biological mother of K.A., born May 24, 2021. When the child was two days old, CSB removed the child from Mother's care and filed a complaint alleging that K.A. was a dependent child. The agency dismissed that case in February 2022, after failing to perfect service on the then-unknown father of the child. Immediately thereafter, CSB filed a new complaint alleging the child's dependency. After conducting the requisite hearings, the juvenile court adjudicated K.A. dependent, placed him in the temporary custody of CSB, and adopted the agency's case plan as an order.

**{¶3}** Less than two weeks later, on May 20, 2022, CSB filed a motion for permanent custody. The juvenile court scheduled the hearing for October 4, 2022. Thereafter, Mother moved and the agency made several unsuccessful attempts to serve her. Once Father established paternity, CSB requested a continuance to investigate the viability of paternal relatives for placement. In addition, Mother twice requested and received the appointment of alternate counsel during the proceedings. The juvenile court ultimately held the permanent custody hearing on June 7, 2023.

**{¶4}** On June 6, 2023, one day before the scheduled permanent custody hearing, Mother filed a "motion to vacate trial," wherein she objected to the juvenile court proceeding with the hearing because she "ha[d] not received proper service as required." Specifically, Mother argued that she lives alone in a multi-apartment building and does not know the person who signed for receipt of the agency's motion.

**{¶5}** On June 7, 2023, prior to hearing evidence on the issue of permanent custody, the juvenile court heard arguments on Mother's challenge to service, as well as both parents' then-raised oral motions to dismiss the case based on the court's failure to comply with the statutory time limits in R.C. 2151.414(A)(2). The trial court noted that neither parent had raised the legal issue of statutory time limits in pretrial statements, and so "denied summarily" the motions to dismiss. Nevertheless, the juvenile court thereafter substantively addressed those motions and denied them on the merits. With regard to Mother's service issue, the trial court found that the agency had complied with the Ohio Rules of Civil Procedure by serving Mother via certified mail. It further found that Mother had actual knowledge of the hearing and had appeared at the appointed time, so any defect in service did not prejudice her. Accordingly, the trial court denied Mother's motion to "vacate [the] trial."

**{¶6}** The trial court then heard CSB's motion for permanent custody and Mother's motion for a six-month extension of temporary custody. At the conclusion of the hearing, the juvenile court granted the agency's motion and terminated Mother's parental rights as to K.A. Mother timely appealed, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN IT PROCEEDED WITH TRIAL AND ISSUED AN ORDER BEYOND THE MAXIMUM TWO HUNDRED DAYS ALLOWED BY R.C. 2151.414(A)(2).

**{¶7}** Mother argues that the juvenile court's violation of the statutory time limits set forth in R.C. 2151.414(A)(2) requires reversal of the judgment awarding permanent custody to CSB. This Court disagrees.

**{¶8}** R.C. 2151.414(A)(2) states:

The court shall hold the [permanent custody] hearing scheduled pursuant to division (A)(1) of this section not later than one hundred twenty days after the agency files the motion for permanent custody, except that, for good cause shown, the court may continue the hearing for a reasonable period of time beyond the one-hundred-twenty-day deadline. The court shall issue an order that grants, denies, or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion.

* * *

*The failure of the court to comply with the time periods set forth in division (A)(2) of this section does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court.*

(Emphasis added).

**{¶9}** As an initial matter, while Mother argues that the juvenile court abused its discretion by proceeding with the hearing, she cites law relevant to the manifest weight of the evidence standard of review. In addition, she argues plain error as if she had failed to raise this

issue below. Mother, however, squarely preserved the issue for appeal by challenging the juvenile court's authority to hear the agency's motion via her "motion to vacate trial," which the trial court considered after a hearing.

{¶10} As the statute in question clearly permits the juvenile court to disregard the time for holding the permanent custody hearing "for good cause shown," the legislature has imbued the trial court with discretion in that regard. Accordingly, this Court will not reverse absent an abuse of discretion. *See In re R.F.*, 9th Dist. Summit No. 30400, 2023-Ohio-297, ¶ 9 ("This Court recognizes the juvenile court's discretion in determining whether to grant or deny a continuance, even where a parent is facing a termination of parental rights."). Such discretion "contemplates a balancing of any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." (Internal quotations omitted) *Id.* An abuse of discretion exists only where the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} The parties do not dispute that the juvenile court held the hearing on the permanent custody motion and issued its judgment beyond the respective 120-day and 200-day statutory deadlines. The record bears out these delays.

{¶12} Mother calls the statutory time limits "unambiguous," arguing that we should deem the subsequent language granting the juvenile court discretion as to compliance ineffective. Mother ignores this Court's precedent to the contrary. We have recognized the plain language of the statute and concluded that the juvenile court's hearing and entry of judgment on a permanent custody motion in excess of the statutory time limits maintain the same validity as those which

comport with the time parameters. *In re M.W.*, 9th Dist. Wayne No. 08CA0020, 2008-Ohio-4499, ¶ 24; *In re S.H.*, 9th Dist. Summit No. 24055, 2008-Ohio-3111, ¶ 32.

{¶13} More recently, the Ohio Supreme Court contrasted express statutory mandates within R.C. Chapter 2151 with those that are merely directory. *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995. Only where the time constraints limit the court's power to act thereafter are they mandatory. *Id.* at ¶ 20. Where the legislature establishes them, however, for convenience or orderly procedure, the time limits are merely directory. *Id.* at ¶ 19. The high court expressly cited R.C. 2151.414(A)(2) as providing directory time restrictions, as compared to the mandatory limits contained in R.C. 2151.35(B)(1), as then in effect, addressing the time to resolve initial dispositional determinations. *Id.* at ¶ 24-25.

{¶14} Mother fails to cite any decisional authority which would compel this Court to ignore precedent. She baldly asserts that the juvenile court's delay in hearing and issuing a judgment on CSB's motion for permanent custody violated her "procedural rights," without identifying any prejudice. In fact, the trial court's continuances of the hearing ensured that Mother had received proper notice, gave each of her new attorneys time to familiarize themselves with the issues and facts to allow them to provide a meaningful defense, and granted Mother additional time to work on her case plan objectives in pursuit of reunification. *See In re James*, 10th Dist. Franklin No. 03AP-373, 2003-Ohio-5208, ¶ 39. The juvenile court's continuance of the permanent custody hearing and subsequent issuance of its judgment beyond the directory statutory time limits was not unreasonable. Mother's assignment of error is overruled.

III.

{¶15} Mother's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT


SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

JAYSEN W. MERCER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and MARRETT W. HANNA, Assistant Prosecuting Attorney, for Appellee.

SHUBHRA AGARWAL, Guardian ad Litem.